NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
JUL 2 2 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-191-JMH

BRENDA J. BECKWITH     PLAINTIFF

VS.     **MEMORANDUM ORDER**

JOE BOOKER, JR., ET AL.     DEFENDANTS

\* \* \* \* \*

The plaintiff, an inmate at the FCI Lexington Satellite Camp, has filed a *pro se* and *in forma pauperis* action allegedly brought pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Because the only relief the plaintiff seeks is release from a higher level of confinement to a lower level of confinement, a community corrections center, this action is a 28 U.S.C. § 2241 writ of habeas corpus. To obtain relief under 28 U.S.C. § 2241, petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(b)(3).

CLAIM

The plaintiff alleges her Eighth Amendment protection against cruel and unusual punishment and her Fourteenth Amendment due process rights have been violated because the Bureau of Prisons has arbitrarily and capriciously failed to exercise discretion it possesses and is expected to exercise by virtue of 18 U.S.C. § 3624(c) to patently deny her an earlier release to a community corrections center ("CCC"). The petitioner alleges the BOP has done so by the mechanical application of the arbitrary standard established in 28 C.F.R.§§ 570.20-21. She claims that because of her unique medical and personal circumstances she is entitled to a CCC placement that is longer than the last

ten percent of her sentence and that may encompass the full six months prior to her projected release date.

## DEFENDANTS/RESPONDENTS

The solely named respondent is Warden Joe Booker, Jr..

## RELIEF

The plaintiff seeks immediate release to a community corrections center.

## EVALUATION

The petitioner asserts she is entitled to an immediate transfer to a CCC to complete her term of imprisonment.

The petitioner claims that pursuant to Bureau of Prisons' Program Statement 7310.04 the BOP has authority to place sentenced prisoners in community corrections centers, since such centers comply with 18 U.S.C. § 3621(b)'s definition of a penal or correctional facility. BOP P.S. 7310.04 (issued in 1998) set forth that the BOP is not restricted by § 3624(c) in designating an inmate's CCC placement. Thus, under BOP P.S. 7310.04, formerly the BOP could exercise its discretion to place an inmate in a CCC for more than the last ten percent of the inmate's term or up to six months.

On December 13, 2002, however, a memorandum opinion was issued by the Attorney General's Office of Legal Counsel (hereinafter "OLC"). The memorandum strangely concluded that the longstanding BOP P.S. 7310.04 CCC assignment practices were now peculiarly considered to be in contravention of 18 U.S.C. § 3621(b). The OLC memo concluded that an inmate may not be in a CCC placement for more than six months or the last ten percent of the sentence, whichever is less.

On or about December 20, 2002 the Department of Justice and the BOP suddenly eliminated any potential for a six month CCC placement for those whose ten percent date was less than six

months when it enacted a new CCC placement policy which prohibits CCC placements/transfers before 10% of the end of a term of imprisonment. In 2004 these new rules were codified at 28 C.F.R.§§ 570.20-570.21. They became effective February 14, 2005. The petitioner basically challenges the validity of the February 14, 2005 C.F.R.'s.

The petitioner sought a CCC placement and was informed that she will receive a CCC placement for the last ten percent of her sentence to begin on August 5, 2005. The petitioner has a good conduct release date of September 20, 2005. She claims the BOP has the authority to exercise its discretion to afford her a sooner CCC placement/release date of six months before her September 20, 2005 good conduct release date which would have been on or about March 20, 2005. The petitioner claims the BOP has arbitrarily and capriciously, and in violation of her due process rights, failed to exercise authority it possesses to consider her for a six month date CCC placement of approximately March 20, 2005 instead of perfunctorily limiting her to a ten percent release date of August 5, 2005. Specifically, the petitioner complains that the BOP has failed to exercise authority it possesses to consider the appropriateness of her place of confinement in light of her medical condition and other factors enumerated in 18 U.S.C. § 3621(b) and the BOP has failed to appropriately ignore the errant 2002 OLC Memorandum Opinion and/or 28 C.F.R. § 570.21-22.

Considerable legal sympathy exists for the petitioner's position.*See Wiederhorn v. Gonzales*, 2005 WL 1113833 (D.Or., May 9, 2005)(and cases cited therein). "The validity of these new regulations [28 C.F.R. § 570.21-22] is highly suspect". . . in that both circuit courts that have examined the question have found the regulations to be invalid. *Id.* at *2 (citing *See Goldings v. Winn*, 383 F.3d 17, 23-27 (1st Cir. 2004); *Elwood v. Jeter*, 386 F.3d 842, 846-47 (8th Cir. 2004)).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

(1) Respondent Booker is directed to consider the appropriateness of the petitioner's place of confinement in light of her medical condition and the factors set forth in 18 U.S.C. § 3621(b) and Respondent Booker is directed to do so without affording consideration to the OLC's 2002 Memorandum Opinion or to 28 C.F.R. § 570.21-22 ; and

(2) Respondent Booker shall make such a consideration and respond by Friday, July 29, 2005.

This the 22nd day of July, 2005.

_____
JOSEPH M. HOOD, CHIEF JUDGE